AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 2:25-MJ-136 |
| | ) | |
| Jermicheal Dandre Gills | ) | |
| | ) | |

*Defendant(s)*

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 3 2025
CLERK, U.S. DISTRICT COURT
By_____
Deputy

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 31, 2025_____ in the county of _____Potter_____ in the

_____Northern_____ District of _____Texas_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (viii) | Possession with Intent to Distribute 500 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Newton, DEA TFO
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 9/3/25

_____
*Judge's signature*

City and state: _____Amarillo, Texas_____

Lee Ann Reno, U.S. Magistrate Judge
_____
*Printed name and title*

No. 2:25-MJ-136

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Thomas Newton, being sworn, depose and state as follows:

1)      I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2)      I am assigned to the DEA's Amarillo Resident Office (ARO).  I was hired as a police officer with the Amarillo Police Department (APD) in June 2005. I was assigned to the Amarillo Police Department Narcotics unit from 2022 until my current assignment as a TFO with DEA's ARO.  In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in narcotics trafficking investigations, including but not limited to conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, and executing arrest and search warrants.

3)      This affidavit is made in support of a complaint and arrest warrant for Jermicheal Dandre GILLS. I am familiar with the information in this affidavit based on my own personal investigation and conversations with other law enforcement officers involved in this investigation.

4)      On or about August 31, 2025, Amarillo Police Department Officer Skaggs, dressed in uniform, and certified drug-detecting canine Sharo conducted an interdiction operation at 400 S Monroe in Amarillo, Texas, in the Greyhound maintenance area. During the operation, a trained canine performed a free air sniff on luggage in the Greyhound bus's luggage storage area. The canine indicated a passive alert to a black suitcase. Following the alert, Officer Skaggs conducted a probable cause search of the luggage, where he found two white trash bags containing approximately 15 bundled packages of suspected methamphetamine and one package of suspected cocaine that was not in brick form.

5)      After the contraband was discovered, the luggage was placed back in its original spot under the bus. Using both uniformed and plainclothes officers, the bus was driven to the passenger terminal located at 508 S Bowie, Amarillo, Texas, and the occupants were asked to remove their personal luggage from the bus. During this process, uniformed officers identified Jermicheal Dandre GILLS as the person in possession of the black suitcase. GILLS went to the side of the bus and retrieved the black suitcase that contained

the contraband. He then walked to the passenger side of the bus with the luggage, where uniformed officers contacted GILLS.

6)    GILLS was transported to the Amarillo DEA resident office along with the contraband found in the black suitcase. GILLS was placed in an interview room for questioning. He was interviewed after his *Miranda* rights were read to him. During the interview, GILLS initially claimed he had picked up the wrong bag. Later, GILLS changed his story, stating that the drugs were being taken from Arizona to Indiana. GILLS mentioned that this was his second trip transporting contraband. GILLS admits to knowing the suitcase contained drugs but denied knowing what kind of drugs were being transported.

7)    Presumptive testing was performed on the contraband at the Amarillo RO. The fifteen (15) wrapped bricks tested positive for methamphetamine. The one package that was different tested positive for cocaine. The fifteen bricks of suspected methamphetamine weighed approximately 15 kilograms, and the presumptive cocaine weighed approximately 1.5 pounds.

Thomas Newton
DEA Task Force Officer

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this _3rd_ day of _September_____, 2025.

Lee Ann Reno U.S. Magistrate Judge                    _Lee Ann Reno_
Name and Title of Judicial Officer                         Signature of Judicial Officer

Anna Marie Bell
Assistant U.S. Attorney