IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                NO.  2:25-CR-103-Z (01)

JERMICHAEL DANDRE GILLS

## FACTUAL RESUME

In support of Jermichael Dandre Gills's plea of guilty to the offense in Count One

of the superseding information, Gills, the defendant, Eric Coats, the defendant's attorney,

and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the superseding information,

charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with

Intent to Distribute Methamphetamine, the government must prove each of the following

elements beyond a reasonable doubt:[1]

> *First.*    That the defendant knowingly possessed a controlled substance;
>
> *Second.*   That the substance was in fact methamphetamine; and
>
> *Third.*    That the defendant possessed the substance with the intent to
>             distribute it.

To "possess with intent to distribute" simply means to possess with intent to
deliver or transfer possession of a controlled substance to another person, with or without
any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Jermichael Dandre Gills**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      On or about August 31, 2025, in the Amarillo Division of the Northern District of Texas, the Southern District of Texas, and elsewhere, Jermichael Dandre Gills, defendant, did knowingly or intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On August 31, 2025, an Amarillo Police Department (APD) officer conducted interdiction at the Greyhound bus maintenance terminal, located at 400 South Monroe, Amarillo, Texas.  The officer utilized his canine partner to conduct a free-air sniff of the luggage underneath the bus.  The canine alerted to the odor of narcotics coming from a black suitcase.  The officer conducted a probable cause search of the suitcase and discovered thirteen vacuum-sealed bags.  One of the bags appeared to contain cocaine and the other bags contained suspected methamphetamine.

3.      Drug Enforcement Administration Task Force Officer (DEA TFO) Thomas Newton responded to the scene to assist in the investigation.  The bus driver drove the bus back to the passenger terminal and requested that all passengers retrieve their luggage from the bus.  Officers observed Jermichael Dandre Gills retrieved the black suitcase from underneath the bus.  Officers detained Gills for further investigation.

4.      Gills was transported to the Amarillo Police Department for an interview.  TFO Newton read Gills his *Miranda* warnings.  Gills waived his rights and agreed to make a statement.  During the interview, Gills provided limited information about his

Jermichael Dandre Gills
Factual Resume—Page 2

trip. He stated that he never met the person who arranged this trip. Later, while Gills was transported to the jail, Gills told TFO Newton that Gills was going to be paid $1,000 for making the trip. Gills stated that someone else bought the bus ticket for him. Gills also admitted that he made the same trip on two other occasions.

5.    The suspected methamphetamine and cocaine were sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that all of the substance was, in fact, methamphetamine, a Schedule II controlled substance. The tested substance had a total net weight of 13,587.4 grams and a purity level of approximately 97-98 percent.

6.    Gills admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

7.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the superseding information.

Jermichael Dandre Gills
Factual Resume—Page 3

AGREED TO AND STIPULATED on this 11th day of February, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Jermichael Dandre Gills
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Eric Coats
Attorney for Defendant